M. D. ARNOLD, JR., *v.* E. F. AMES.

(*Knoxville.* September Term, 1929.)

Opinion filed November 16, 1929.

636

LEE, PRICE, MCDERMOTT & MEEK, for complainant, appellee.

BROWN & JOHNSON, for defendant, appellant.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

This suit was instituted by M. D. Arnold, Jr., as an action for fraud and deceit, to recover of the defendant, E. F. Ames, the sum of $7500, with interest. The chancellor awarded complainant the relief sought, and on defendant's appeal the Court of Appeals reversed the decree of the chancellor and dismissed the suit. Complainant's petition for *certiorari* was heretofore granted by this court, and oral argument of the parties has been heard.

The original bill exhibits a contract between the parties under date June 10, 1927, reciting that the defendant had secured an option to purchase a certain described

tract of land for the price of $50,000; that the complainant had agreed to purchase a three-fourths interest in the property, and it was, therefore, agreed by the parties that the defendant "will act as Trustee and purchase this property, taking a deed in his name as Trustee, and that in acquiring this property as Trustee, same shall be held by him for the benefit of the parties to this agreement, one-fourth interest being that of the said Ames and three-fourths interest that of the said Arnold. One-fourth of the $25,000 initial payment is to be made by Ames and three-fourths by Arnold, and the said Ames, as Trustee, is to execute notes for the deferred payments, but in final settlement is to pay for himself one-fourth of the deferred payments and the said Arnold hereby agrees and binds himself to pay three-fourths of the deferred payments."

The contract then recites an agreement between the complainant and defendant to place the sale of the property in the hands of a designated real estate agent, and that it should be advertised and sold within sixty days from the date of the contract.

Complainant gave the defendant his check for $18,500, representing three-fourths of one-half of $50,000, as his part of the cash payment for the tract of land, and otherwise bound himself for the balance of his part of the stipulated purchase price of $50,000.

The Court of Appeals and the chancellor have concurred in finding that at the date of the contract between Arnold and Ames, and during negotiations therefor, Ames had in his possession a written option for the purchase of the land at $40,000, and that he and his agent, Broyles, falsely represented to Arnold that the option called for the payment of $50,000 as the purchase price,

which false statements Arnold accepted and relied upon. There is abundant evidence in the record to sustain this finding of fact.

Ames testified that after he had acquired the option to purchase the land for $40,000, he entered into an agreement with Broyles to sell the land and that they would divide the profits equally between them. Broyles and Ames were, therefore, partners in that enterprise, and Ames was equally responsible for the representations of Broyles to Arnold that the option called for $50,000 as the purchase price, as he was responsible for his own representations to the same effect at the time the contract above referred to was drawn and signed.

At the time the contract was entered into Ames had sold a one-fourth interest in the option to other parties for $2500, which fact was also concealed from Arnold.

The theory of the bill is that by the written contract Arnold and Ames entered into a partnership agreement to purchase the land, on a basis of one-fourth interest to Ames and three-fourths to Arnold; that Ames made a secret profit of $10,000 by reason of his false and fraudulent concealment of the true option price of the land, and that Arnold, by virtue of the partnership relation, is entitled to recover three-fourths of this secret profit from the defendant.

The bill sets out all the facts, charges that the complainant was induced to enter into the enterprise and to execute the contract by reason of the false statement as to the option price for the land, and in addition to the prayer for specific relief, prays for general relief.

The chancellor was of the opinion that the contract did not create the relationship of partners, but that the concealment by Ames of the true option price was a fraudu-

lent concealment of a material and essential element of the contract, on account of which the complainant was entitled to the relief sought.

The Court of Appeals agreed with the chancellor that there was no partnership relation between the parties, and construed the contract as one of purchase and sale, whereby Arnold agreed to buy a three-fourths interest in the land itself from the defendant, Ames. It was held that the misrepresentation by Ames was no more than a representation by a vendor as to what he had paid for the land which he was selling to the vendee. The evidence showing that the land was worth $50,000, and was subsequently sold by Arnold and associates for a profit on that basis, the Court of Appeals held that the misrepresentation as to the option price was not of sufficient materiality to entitle the complainant to a recovery against the defendant.

We do not agree with the Court of Appeals in their construction of the written contract executed by the parties. We think the fair and reasonable construction of the contract is that Arnold bound himself to pay only three-fourths of the price necessary to be paid for the property, in order that title might be transferred from the then owner to Ames, as trustee, and that he did not bind himself to pay anything to Ames in excess of three-fourths of the amount stipulated in the opinion as the purchase price. The contract bound Arnold to pay three-fourths of the "initial payment" and three-fourths of the "deferred payments." The initial payment and the deferred payments referred to were the payments which Ames, as trustee, was to pay the owner from whom he had acquired the option.

The recital of the contract as to the amount which Arnold obligated himself to pay is wholly dependent upon the recital that Ames had secured an option to buy the property "for the price of $50,000, upon terms of $25,000 cash and the balance payable in one and two years." The true fact appearing that Ames had secured the option to buy the property for the price of $40,000, it seems to us that it necessarily follows that Arnold's obligation was to pay three-fourths of $40,000, the true consideration, and not three-fourths of $50,000.

Notwithstanding the language of the contract, introduced by the word "whereas," that Arnold had agreed to purchase and Ames had agreed to sell a three-fourths interest in the property, the true nature of the transaction between Ames and Arnold appears from the contract itself to have been a joint enterprise in which, on the basis of Ames' option, Arnold agreed to buy a three-fourths interest and Ames a one-fourth interest from the then owner of the property. There is nothing in any of the evidence which casts any doubt upon this conclusion, as the facts appear to us.

In our opinion, it is immaterial that Arnold did not lose money and that the land was probably worth in excess of $50,000. The substance of his agreement with Ames was that he would furnish three-fourths of the purchase price and Ames one-fourth, and that the option Ames then held would be exercised and a deed to the property taken in the name of Ames, as trustee, for their joint benefit, in the proportions stated. Certainly, the facts were made to appear to Arnold in this light, and under such circumstances the fraudulent concealment and misrepresentation of Ames appears to us as a gross fraud against which Arnold is clearly entitled to relief by

a court of equity. The contract between the parties was that Ames and Arnold would buy the property jointly, and Arnold was entitled to whatever profit accrued to his three-fourths interest, on the basis of the true option price.

As we construe the contract, any money paid by Arnold to Ames under its terms was held by Ames as Arnold's agent for the purpose of transmitting it to the owner of the property, and whatever amount was retained by him was converted to his own use without authority and without right, and this is true whether the agency thus assumed by Ames be treated technically as that of a partnership or that of technical trustee, as to which we do not find it necessary to determine.

The real transaction between the parties was that Arnold agreed to pay three-fourths of the purchase price which was to be paid to the owner of the land. By reason of the fraudulent misrepresentation by Ames of the true amount called for by the option, Arnold became bound for $7500 in excess of the amount he was obligated to pay. Ames and his partner, Broyles, were the beneficiaries of this fraud, and Arnold is entitled to recover from Ames, with whom he contracted, the amount of which he was defrauded.

It results that the decree of the Court of Appeals will be reversed, and the decree of the chancellor affirmed, with costs against the defendant.